## *JOHN H. RHODES v. EQUITABLE ACCIDENT INSURANCE CO.

DIVIDENDS MAY BE DEDUCTED FROM UNPAID ASSESSMENT ON STOCKS.

> A stockholder in a joint stock insurance company, who has failed to pay an assessment on his stock, made to bring the assets of the company up to the amount of capital stock required by law, is not entitled to payment of dividends afterwards declared by such company until he has paid such assessment. It is proper for the company to credit the amount of the dividend against the unpaid assessment standing charged against his stock on its books.

ERROR  from the Court of Common Pleas of Hamilton county.

SWING, J.

The action in the court of common pleas was by Rhodes against the defendant Insurance Company, claiming a judgment for the amount of a dividend declared by the company upon its capital stock of five per cent., Rhodes being the owner of fifty shares of the stock.

Although testimony was introduced on the trial, the statements contained in the petition of the plaintiff and the answer of the defendant were virtually admitted by both parties to be the facts pertinent to the issue.

These facts are in substance as follows: The defendant is a joint stock insurance company, organized under the laws of Ohio, in the year 1884, of the stock of which the plaintiff owned fifty shares, of $100 each, fully paid up. That in the year 1887, consequent on the increase of business of said company, the re-insurance fund of said company, required by law, was largely increased, by reason of which the assets of said company were reduced more than 20 per cent. below the capital stock required by law. That thereupon, in February, 1887, the superintendent of Insurance of Ohio required the officers of said company to direct the stockholders to pay the amount within thirty days. That, acting under such instructions, the directors, on the 24th day of February, 1887, made an assessment of fifty per cent. upon the stock of said company, and further provided, that in case of default of payment, said assessment stand charged against the stock of the owner on the books of the company. That the plaintiff did not pay said assessment (although all the other stockholders did), and that said assessment, amounting to $2,500, was charged on the books of the company against the stock the plaintiff then held. That plaintiff has not since paid said assessment. That after the said assessment had been paid by the stockholders, other than plaintiff, the assets of the company were sufficient to pay a dividend of five per cent., which the company proceeded to do.

The action of the superintendent of insurance and the board of directors, in directing the assessment to be made, was under sec. 274, Rev. Stat. It is not questioned but that the assessment was proper and legal. The stock of the company, under the law, was liable to be assessed—a fact which was known to the stockholder at the time he became the owner. It was a certain obligation to which his stock was liable to be called upon to respond; but when assessed, the plaintiff refused to pay, and the company charged the amount of the assessment against his stock. This, we think, the company had a right to do.

---

* The judgment in this case was affirmed by the supreme court, without report. March 8, 1892.

By reason of payment of the assessments by the other stockholders, the company was enabled to continue in business; and by reason of the same they were able to declare the dividend sued for.

It may be sufficient, for the purpose of deciding the question at issue here, to decide that the company had a right to charge the assessment against plaintiff's stock, for if it is a valid charge against the stock, he would not have the right to collect the dividend while the assessment remained unpaid.

But there is still another reason which it appears to us should prevent the plaintiff from recovering in this action. At the time of the assessment, the assets of the company were below the amount required by law. By reason of the assessments paid by the other stockholders, it was raised above the legal requirement, and the company was able to declare a dividend, which it did. That the plaintiff should be able to share in a dividend towards which his stock did not contribute would be manifestly unjust.

In crediting his assessment, or rather charging his stock with the assessment, and in crediting his account with the five per cent., he, in effect, got the same as the other stockholders got. They paid in fifty per cent. and drew out five. The company charged plaintiff with fifty per cent. and gave him credit for five, which leaves forty-five per cent. to be yet paid. When the plaintiff does this, he will have done just what the balance have done, and they will be on an equality.

The case coming to this court on error to the common pleas, and the court below having found for the defendant, the judgment of the court below will be affirmed, with costs.

Campbell & Bettman, for Rhodes.

Sayler & Sayler, for Insurance Company.